UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| OCEAN VACATIONS REALTY TRUST, et al. : | |
| Plaintiffs, : | |
| : | |
| v. : | C.A. No. 23-417WES |
| : | |
| GEORGE SOROS, et al., : | |
| Defendants. : | |

**SUA SPONTE REPORT AND RECOMMENDATION TO REMAND CASE TO MASSACHUSETTS STATE COURT**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

This case[1] was removed from the Massachusetts Southeast Housing Court (Barnstable) by *pro se* Plaintiff Nicholas Fiorillo pursuant to a removal notice filed in this Court on October 11, 2023. Having reviewed the notice of removal and the accompanying state court pleading, I make the *sua sponte* finding that the removal is defective because 28 U.S.C. § 1441 and § 1443 both permit removal only by the defendant or defendants and Mr. Fiorillo is a plaintiff; he is not a defendant.[2] See Ballard's Serv. Ctr., Inc. v. Transue, 865 F.2d 447, 449 (1st Cir. 1989) ("§ 1446 authorizes removal only by defendants and only on the basis of claims brought against them and not on the basis of counterclaims asserted by them"); Brown v. Wall, C.A. No. 06-07T, 2007 WL 2317417, at *2 (D.R.I. Aug. 8, 2007) ("under 28 U.S.C. § 1441(a) a plaintiff may not remove to federal court[;] only a defendant may do so") (alteration in original) (internal quotation marks omitted); 28 U.S.C. § 1443 ("[a]ny of the following civil actions . . . commenced in a State court

---

[1] This case has been pending in the Southeast Housing Court (Barnstable) of the Commonwealth of Massachusetts since August 29, 2023. ECF No. 1-2 at 34. In that court, it is captioned as Ocean Vacations Realty Trust, Nicholas Fiorillo as trustee and Nicholas Fiorillo *pro se* v. George Soros, et al. and is designated 23H83CV00242CI. Id. at 1.

[2] Because this is Mr. Fiorillo's first improper removal of a case that he filed as plaintiff, I am not exercising continuing jurisdiction over this case to assess sanctions and consider an injunction as I have with other cases improperly removed by Mr. Fiorillo. However, Mr. Fiorillo is cautioned that a continuation of such conduct could well result in sanctions or an injunction.

may be removed by the <u>defendant</u>") (emphasis added).  Therefore, I make the *sua sponte* recommendation[3] that the Court order that this case be remanded forthwith.[4]  See <u>Pineiro v. Oriental Grp.</u>, 734 F. Supp. 2d 239, 242 (D.P.R. 2010) (prior to expiration of the thirty-day time period for motion to remand in 28 U.S.C. § 1447(c), court may *sua sponte* remand based on procedural defects).  In light of the clarity of the principle that only a defendant may remove a case, I do not recommend that the Court delay immediate certification of the remand order as suggested in <u>Forty Six Hundred LLC v. Cadence Educ., LLC</u>, 15 F.4th 70, 81 (1st Cir. 2021).  I find that no such delay is necessary.

Based on the foregoing, I *sua sponte* recommend that this case be summarily remanded to the Massachusetts Southeast Housing Court (Barnstable) for further proceedings.  Pursuant to 28 U.S.C. § 1447(c), I further recommend that the Clerk be directed immediately to send a certified copy of the Order of remand to the clerk of that court.  Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision.  See <u>United States v. Lugo Guerrero</u>, 524 F.3d 5, 14 (1st Cir. 2008); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
October 13, 2023

---

[3] As with the other cases removed by Mr. Fiorillo, I am issuing a report and recommendation.  See <u>Delpidio v. Fiorillo</u>, C.A. No. 23-349WES, 2023 WL 6632965, at *1 n.1 (D.R.I. Oct. 12, 2023).

[4] In light of this recommendation, I do not address whether, as a *pro se* litigant, Mr. Fiorillo is barred from acting in a representative capacity for Plaintiff Ocean Vacations Realty Trust.  See DRI LR Gen 205(a); <u>but see</u> <u>Bourne v. Gardner</u>, 468 F. Supp. 3d 426, 427-28 (D. Mass. 2020) (allowing *pro se* to represent trust where *pro se* was the trustee, sole beneficiary and trust had no creditors).